PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN,
A Professional Corporation
One Riverfront Plaza, 8th Floor
(973) 623-1000
RLP (6457)

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 MAY 12  A 9:02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GILBERT C. VARNES, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., ALICE KELLY, PEARL DANIELS and PHYLLIS CRANK,<br><br>        Defendants. | No. 05- 2484 (WGB)<br><br>Civil Action<br><br>**COMPLAINT** |

1. This is a Complaint for declaratory relief pursuant to 28 U.S.C. §2201, to declare and enforce the rights of Gilbert C. Varnes, Jr. ("Gilbert Varnes") and to order the National Association of Securities Dealers, Inc. ("NASD") to follow the law, as set forth in <u>Government of the United Kingdom of Great Britain v. Boeing Company</u>, 998 F. 2d 68 (2d Cir. 1993), as well as the Code of Arbitration Procedure, to prevent the improper and forced consolidation of the claims of Alice Kelly, Pearl Daniels and Phyllis Crank into one consolidated arbitration, in violation of controlling authority. Jurisdiction is founded upon 28 U.S.C. §1331 in that this is a civil action arising under the laws of the United States.

2. Venue is proper in the District of New Jersey since all parties hereto are citizens of New Jersey and/or are doing business in New Jersey and because the events giving rise to the claims of defendants herein Kelly, Daniels and Crank, allegedly occurred in New Jersey.

3. Gilbert C. Varnes, Jr. is a registered representative with USAllianz Securities, Inc. ("USAllianz") and is a respondent, together with USAllianz and Life USA Securities, in a certain arbitration filed initially by Alice Kelly alone at Arbitration Number 05-00449. See Exhibit A attached hereto.

4. The undersigned counsel for Gilbert Varnes received from the NASD a request to complete an Arbitrator Ranking Form and a request to specify dates for a pre hearing conference. The NASD's letter, dated March 24, 2005, had a caption which referenced two additional claimants. But Gilbert Varnes had been served only with a Statement of Claim listing one claimant, Alice Kelly. It developed that there had been an Amended Statement of Claim later filed with the NASD but not served on respondent Varnes, which included the claims of two additional claimants, Pearl Daniels and Phyllis Crank.

5. Counsel for Gilbert Varnes notified the NASD, by letter motion to the NASD Director of Arbitration dated April 8, 2005, Exhibit B attached hereto, of the issues presented by same and, most particularly, of the impropriety of consolidating the claims of multiple claimants, contrary to controlling authority, Boeing, supra. as well other relevant authority. Most particularly, in Boeing, the Second Circuit specifically held that, under the Federal Arbitration Act, 9 U.S.C. §1 et seq., consolidation of arbitration proceedings could not be compelled absent consent of the parties. As stated by the Second Circuit. Id. 998 F.2d at 68, 71. Thus, the claims of multiple claimants cannot be consolidated into one proceeding without the consent of the parties. This is also consistent with the

Code which prohibits class actions. Counsel advised the NASD that respondent Varnes did not consent to such consolidation. See Exhibit B.

6. Despite the controlling authority of Boeing, the NASD, by letter dated April 28, 2005, stated that multiple claimants may join in one action and a motion to sever must be addressed to the panel for determination. See Exhibit C.

7. The letter of the NASD, not signed by the Director of Arbitration, to whom our motion of April 8, 2005 had been addressed, but rather by the anonymous "Northeast Processing Center," ignored the controlling authority of Boeing and further misapprehended Rule 10314(d) of the NASD Code. Specifically, that Rule deals with "permissive joinder" and does not require mandatory joinder. The NASD was notified of same by letter dated April 29, 2005, Exhibit D attached hereto, to no effect.

8. The issue presented is not one which properly goes before a panel of arbitrators. This is because it is an issue of law subject to the controlling authority of the Second Circuit in Boeing, which the arbitrators may choose not to follow. Further, under settled law, the grounds available to challenge the decision of arbitrators is so exceedingly limited as to effectively make the erroneous decisions of arbitrators on such issues not subject to meaningful review at a later time. Thus, if this Court does not address this issue now and apply the controlling authority of Boeing, interpreting the provisions of the Federal Arbitration Act, 9 U.S.C. §1 et seq., Gilbert Varnes would be deprived of his rights under Boeing and the Federal Arbitration Act and left without any form of meaningful review.

9. For these reasons, it is essential that this Court declare that Gilbert Varnes not be compelled to arbitrate the claims of multiple claimants in one arbitration, contrary to controlling authority, and, having declared such rights, direct the NASD to deconsolidate the claims filed by Alice Kelly, Pearl Daniels and Phyllis Crank.

Wherefore, Gilbert C. Varnes, Jr., respectfully requests that this Court enter declaratory relief in his favor, directing the NASD to deconsolidate the claims of Kelly, Daniels and Crank, in accordance with controlling federal authority as set forth in <u>Boeing</u>.

PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN,
A Professional Corporation
Attorneys for Gilbert C. Varnes, Jr.

By: _/s/ Robert L. Podvey_
ROBERT L. PODVEY
A Member of the Firm

DATED: May _10_, 2005

Doc. #191047